NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALEXY DEJESUS,<br><br>        Plaintiff,<br><br>    v.<br><br>NIGEL I. DAVIS,<br><br>        Defendant. | Civil Action No. 24-00975 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Alexy Dejesus's ("Mr. Dejesus" or "Plaintiff") application to proceed *in forma pauperis*, ("IFP," ECF No. 1-2), together with his Complaint, ("Compl.," ECF No. 1), and Amendments to his Complaint, ("Amend. 1" and "Amend. 2," ECF Nos. 3 & 4, respectively), against Defendant Nigel I. Davis ("Officer Davis" or "Defendant"). For the reasons explained below, the application to proceed IFP is **DENIED**, and the Complaint is **DISMISSED** without prejudice.

**I.    BACKGROUND**

The following facts are accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Given Plaintiff's *pro se* status, the Court will also review Plaintiff's two amendments to the Complaint in tandem with the original Complaint—even though they were filed without leave of Court. *See Jones El v. New Jersey*, No. 16-1287, 2016 WL 4544341, at *1 n.3 (D.N.J. Aug. 31, 2016) (reviewing amended complaint filed without leave of Court "[g]iven Plaintiff's *pro se* status and the liberality embodied in Federal Rule of Civil

Procedure 15"). Mr. Dejesus alleges Officer Davis violated his constitutional rights in connection with a traffic accident Plaintiff was involved in. Mr. Dejesus alleges that on December 11, 2023, an individual in a white car caused an accident by cutting him off while he was driving south on Route 1 in Lawrence Township, New Jersey. (Compl. at 3.) Injured by the accident, Mr. Dejesus was taken by ambulance to the emergency room. (*Id.*)

While in the emergency room, Mr. Dejesus received two citations from Officer Davis in connection with the car accident for: (i) "following to[o] closely" and (ii) "careless [d]riving."[1] (*Id.*) Mr. Dejesus accuses Officer Davis of "[f]ail[ing] to investigate[] the accident" and as having a "lack [of] personal knowledge of the information [in] the police report that he wrote." (*Id.*) Further, he alleges Officer Davis "went inside [his] vehicle without [his] permission and took [his] information." (*Id.*)

Under these facts, Mr. Dejesus purports to allege violations of the First, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution. (*Id.*) Specifically, he states Officer Davis (i) conducted an "illegal search which violates the 14 [A]mendment[]," (ii) violated his "8 [A]mendment" rights for "writing a ticket without [his] testimony," and (iii) "violat[ed] [his] 1 [A]mendment and 5[] [A]mendment" rights. (*Id.*) Notably, what Mr. Dejesus describes in the "Injuries" section of the Complaint do not stem from the purported constitutional violations of Officer Davis, but instead from the car accident itself. (*Id.* at 4.)

A.  **FIRST AMENDMENT TO THE COMPLAINT**

As part of the first amendment to his Complaint, Mr. Dejesus restates Officer Davis "violate[d] [his] constitutional rights by not conducting a highest standard investigation [o]n the

---

[1] Plaintiff notes Officer Davis issued these citations without "getting [Plaintiff's] testimony." (Compl. at 3.)

2

day of [his] accident, . . . [f]ail[ing] to investigate properly, . . . [and] fail[ing] to perform [his] [l]egal [d]uty correctly." (Amend. 1 at 2.) Mr. Dejesus further accuses Officer Davis and two non-defendant attorneys (whom Mr. Dejesus sought to retain) of "try[ing] to shut [him] up [in] violat[ion] [of] [his] First [A]mendment right to . . . Freedom of Speech." (Amend. 1 at 3.)

B.   **SECOND AMENDMENT TO THE COMPLAINT**

The facts and allegations from Mr. Dejesus's second amendment to the Complaint largely pertain to his April 10, 2024 municipal court hearing relating to the car accident. (Amend. 2 at 1.) Mr. Dejesus airs grievances against additional non-defendant parties, including his insurance company, the prosecutor, and the municipal court judge. (*Id.* at 1–3.)

C.   *In Forma Pauperis*

Along with his Complaint, Mr. Dejesus attached an IFP application. The IFP application is not meaningfully filled out. (*See* IFP.) Notwithstanding the facts alleged in the Complaint relating to a car accident, Plaintiff lists no assets owned by him or his spouse, including any motor vehicles. (IFP at 3.) Also missing is any employment history, funds held in financial institutions, estimated monthly expenses, or any information relating to his legal residence. (*Id.* at 2, 4–5.)

II.   **LEGAL STANDARD**

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*—without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is factually plausible. *Kalu v. Spaulding*, 113 F.4th 311, 324 (3d Cir. Aug. 21, 2024) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bah v. United States*, 91 F.4th 116, 119 (3d Cir. 2024) (citation omitted). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Tomko v. Baldwin Borough*, No. 21-2593, 2022 WL 1772988, at *2 (3d Cir. June 1, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III.  DISCUSSION

### A.  *In Forma Pauperis* Application

The IFP statute requires that a plaintiff demonstrate financial need through the submission of a complete financial affidavit. *See Atl. Cty. Cent. Mun. Court Inc. v. Bey*, No. 24-0105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) (citing 28 U.S.C. § 1915(a)). "Failure to submit a completed financial affidavit renders an IFP application incomplete and this defect warrants the application's denial." *Id.* (citing *Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011)). "In the IFP application, the plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Mawalla v. Lakewood Police Dep't*, No. 23-1083, 2023 WL 5985176, at *2 (D.N.J. Sep. 14, 2023) (internal quotations and citation omitted).

Plaintiff's financial affidavit is nearly blank, listing only his spouse's disability income expected the following month. (IFP at 2.) Plaintiff lists no other income, employment history, bank accounts, real estate assets, motor vehicles, or average monthly expenses. (*Id.*) Some of the fields were left blank and others were listed as "none." Plaintiff has failed to provide the Court with all the relevant information to properly consider whether Plaintiff is in fact indigent. Because Plaintiff's application to proceed *in forma pauperis* is incomplete, the Court cannot "properly evaluate it" or "confirm whether Plaintiff is able to pay the court fees." *Hedgepeth v. Helen Fuld Hosp.*, No. 22-6029, 2023 WL 4108510, at *1 (D.N.J. June 21, 2023). Accordingly, Plaintiff's IFP application is denied without prejudice.

**B.     Review of Complaint**

Even when the Court denies the IFP application as it does here, the Court still has discretion to review the merits of an IFP complaint.[2] *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citing 10 James Wm. Moore et al., Moore's Federal Practice § 54.104(1)(a) (3d ed. 2019)).

Mr. Dejesus alleges, to varying degrees, constitutional violations against Officer Davis in connection with his traffic accident and subsequent citations. Specifically, Mr. Dejesus cites the First, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution. (Compl. at 3.) However, in giving Mr. Dejesus's Complaint and associated amendments the benefit of every favorable inference, the Court will review Plaintiff's "illegal search" allegations as being brought under the *Fourth* Amendment rather than the *Fourteenth* Amendment as he stated in the Complaint.

---

[2] In giving Mr. Dejesus the benefit of every favorable inference, the Court will not find that he lacks standing at this juncture, despite Plaintiff failing to clearly point to injuries caused by Officer Davis's conduct.

5

1. Alleged Constitutional Violations

Section 1983 is the vehicle for federal constitutional claims to be brought in federal court. "To establish a claim under § 1983, a plaintiff must demonstrate that (1) the conduct deprived him of his rights, privileges, or immunities secured by the Constitution or laws of the United States and (2) the conduct challenged was committed by a person acting under color of state law." *Wang v. N.J. State Police*, No. 18-11933, 2024 WL 3580671, at *9 (D.N.J. July 30, 2024) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). As Plaintiff is proceeding *pro se*, the Court will liberally interpret Plaintiff's pleadings and assume that Plaintiff brings his constitutional claims pursuant to 42 U.S.C. § 1983.

As an initial matter, claims under the Fifth and Eighth Amendments are not applicable here. The Fifth Amendment only applies to federal officials, and Officer Davis is not alleged to be one. *See Pinkston v. Jersey City*, No. 19-13285, 2020 WL 4251485, at *8 (D.N.J. July 24, 2020) (finding local government actors not subject to liability under the Fifth Amendment); *see also Bergdoll v. York*, 515 F. App'x 165, 170 (3d Cir. 2013) (pronouncing that the Fifth Amendment does not apply to state officials, only federal officials).

Mr. Dejesus alleges an Eighth Amendment violation for Officer Davis "writing a ticket without [his] testimony." (Compl. at 3.) But the Eighth Amendment only applies to criminal defendants already convicted or sentenced. *See Mattern v. Sea Isle*, 131 F. Supp. 3d 305, 313 (D.N.J. 2015), *aff'd*, 657 F. App'x 134 (3d Cir. 2016) ("It is well-settled that the Eighth Amendment does not provide protection to individuals who have not yet been convicted or sentenced.") To the extent Plaintiff wants to dispute the evidence vis-à-vis his traffic citations, this is matter reserved for the municipal court. The Court cannot discern any plausible basis for a Fifth or Eighth Amendment claim in this case.

The Fourth Amendment guarantees the right of individuals to be "secure in their persons, house, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. Normally, the Fourth Amendment requires that officers have a warrant issued upon probable cause to conduct a search. *See United States v. Baker*, 221 F.3d 438, 443 (3d Cir. 2000). However, courts in various jurisdictions—including New Jersey—recognize a "limited registration exception to the warrant requirement." *See State v. Terry*, 232 N.J. 218, 236 (N.J. 2018) (citing Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 7.4(d) (6th ed. 2021); *see also United States v. Kelly*, 267 F. Supp. 2d 5, 14 (D.D.C. 2003). This exception permits an officer to make a limited search of a vehicle to determine ownership. Here, Mr. Dejesus alleges that Officer "Nigel Davis went inside [his] vehicle without [his] permission and took [his] information [making] it [an] illegal search which violates the 14 amendments (sic)." (Compl. at 3.) This allegation fits squarely within the limited registration exception and therefore cannot form the basis of an illegal search claim under the Fourth Amendment.

If Mr. Dejesus intends to allege Officer Davis violated his due process rights under the Fourteenth Amendment, the facts, as liberally construed, still fail to state a claim. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV. But this Court cannot involve itself in the municipal court proceeding involving the traffic citations. *El v. Asbury Park Mun. Ct.*, No. 11-1648, 2011 WL 2148854, at *1 (D.N.J. May 31, 2011) ("[T]he Third Circuit has held that a federal district court may not exercise jurisdiction over a municipal court proceeding such as the instant case involving a traffic citation.") In any event, as Mr. Dejesus acknowledges, he has had the opportunity to be heard in defense of his traffic citations in municipal court, and therefore due process is satisfied. (*See generally* Amend 2.)*; see Smith v. Mensinger*, 293 F.3d

641, 653 (3d Cir. 2002) ("[S]o long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim.").

As for a final alleged claim against Officer Davis, Mr. Dejesus conclusorily states the "main actor of [his] case PO Nigel I[.] Davis, [] the second actor Jeffrey V[.] Stripto Esq., and third actor Steve L[.] Rovner try to shut [him] up which violates [his] First [A]mendment [] right to speak up [f]reedom of speech (sic)." (Amend. 1 at 3.) Plaintiff fails to allege any specific actions or statements by Officer Davis that would have reasonably caused the silencing of his constitutionally-protected speech. Therefore, his claim for First Amendment violations must be dismissed because the Court need not "credit bald assertions or legal conclusions" such as this. *See Krasil v. Betze*, No. 22-6914, 2023 WL 6635319, at *20 (D.N.J. Oct. 12, 2023). Because Plaintiff fails to make out any constitutional violation in connection with Officer Davis's traffic citations, the Complaint is **DISMISSED** without prejudice.[3]

---

[3] Even if Mr. Dejesus were able to make out an alleged constitutional violation, the Court finds it likely that Officer Davis would have a defense of qualified immunity. *Pinkston*, 2020 WL 4251485, at *5 ("The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.")

Accordingly, **IT IS** on this 1st day of October, 2024,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, (ECF 1-2), is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk shall administratively **CLOSE** this case; and it is further

**ORDERED** that Plaintiff may have the above-entitled case reopened, if, within thirty (30) days of the date of the entry of this Order, Plaintiff shall file an amended complaint and either pre-paying the $405 filing fee ($350 filing fee plus $55 administrative fee) or submitting a renewed application to proceed *in forma pauperis*; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff by regular U.S. mail, as well as a blank form application to proceed *in forma pauperis*.

---

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**